1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

RAFAEL MOLINA,

      Plaintiff,

     v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 11-8165 JCG

**MEMORANDUM OPINION AND
ORDER**

Rafael Molina ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits.  In particular, Plaintiff takes issue with (1) the ALJ's decision to utilize the Medical-Vocational Guidelines ("Grids") at step five, and (2) the ALJ's rejection of Plaintiff's credibility.  The Court addresses – and rejects – each argument in turn.

    A.  <u>The ALJ's Reliance on the Grids at Step Five</u>

Plaintiff first contends that the ALJ erred at step five by relying on the Grids instead of testimony from a vocational expert ("VE").  (Joint Stip. at 5-6.) Specifically, Plaintiff argues that reliance on the Grids is improper whenever, as here, non-exertional limitations are present.  (*Id.* at 6.)  According to Plaintiff, non-

1  exertional limitations are not contemplated by the Grids, and thus the "full range" of

2  positions under the Grids may not actually be available to Plaintiff.  (*See id.*)

3  Consequently, Plaintiff maintains that only VE testimony can determine disability.

4      However, as a matter of law, testimony from a VE is required *only if* a

5  claimant's non-exertional impairments are *sufficiently severe* so as to "significantly

6  limit the range of work permitted by the claimant's exertional limitations."  *Hoopai*

7  *v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007).

8      In this case, Plaintiff's Residual Functional Capacity ("RFC") restricted him

9  to medium exertion work with two non-exertional limitations:[1] (1) "climbing

10  ladder[s], ropes, and scaffolds no more than occasionally," and (2) "simple routine

11  tasks."  (AR at 35.)  Neither of these non-exertional limitations restrict the range of

12  medium work so significantly that VE testimony is required under *Hoopai*.

13          1.  Occasional Climbing of Ladders, Ropes, and Scaffolds

14      With respect to the first limitation, the Social Security Rulings indicate that a

15  limitation in climbing and balancing "would not ordinarily have a significant impact

16  on the broad world of work."  Social Security Ruling ("SSR") 85-15, 1985 WL

17  56857, at *6.

18      The climbing limitation in this case is even less restrictive.  First, Plaintiff is

19  not entirely precluded from climbing, but rather may climb *occasionally*.  Second,

20  the restriction is not absolute, but rather is limited only in relation to ladders, ropes,

21

22      [1] Plaintiff alleges the existence of two additional non-exertional impairments
23  based upon the ALJ's determination that Plaintiff's depression and degenerative disc
    disease are severe.  (Joint Stip. at 3-4.)  This determination, however, was made at
24  *step two*, not at step five.  "The step two and step five determinations require
25  different levels of severity of limitations such that the satisfaction of the
    requirements at step two does not automatically lead to the conclusion that the
26  claimant has satisfied the requirements at step five."  *Hoopai*, 499 F.3d at 1076.
27  Thus, to the extent that these "severe" impairments are not already reflected in
    Plaintiff's RFC, they bear no weight on the appropriateness of the Grids at step five.
28

and scaffolds.  Third, Plaintiff's limitation, unlike that under the SSR, does not even touch upon balancing.

In light of these differences, it stands to reason that the present climbing limitation, as under SSR 85-15, also does not significantly limit the range of work permitted by Plaintiff's medium-exertion RFC.  Thus, at least on this ground, *Hoopai* is not violated.

### 2. Simple, Routine Tasks

As for the second limitation, the Ninth Circuit has opined that *mild to moderate* mental limitations are insufficiently severe to have a significant impact on a claimant's base of work.  *See Hoopai*, 499 F.3d at 1077 (discussing mild to moderate symptoms of depression).

Here, the ALJ's discussion of the "simple, routine tasks" limitation, and the underlying evidence of Plaintiff's depression suggest that the limitation is certainly less than moderate.  (*See* AR at 36-37.)

Beginning in 2008, Plaintiff's depression appears to have improved significantly.  For instance, Dr. Gennady Musher, a psychiatrist for Plaintiff's workers' compensation claim, reported in March 2008 that Plaintiff has "recuperated from mental distress" through the use of coping skills, and "denies any clinically significant mental health problems."  (AR at 223.)  In the same report, Plaintiff also states that "[m]edications helped me, I am calmer, not fighting with people, and I do not [get] mad as before."  (AR at 222.)

Similarly, the ALJ cites a progress report by psychiatrist Gunilla Karlsson, who found, in May 2008, that Plaintiff appeared "emotionally more stabilized since last month."[2]  (AR at 36; *see* AR at 312.)

In contrast, Plaintiff produced *no* treating records since 2008.  (*See* AR at 36.)

---

[2] The ALJ, however, mischaracterizes this citation as simply stating that Plaintiff "was described as stable emotionally."  (AR at 36.)

1    As a result, the ALJ discredited the severity of Plaintiff's complaints of depression.

2    Only after making these findings did the ALJ give Plaintiff "considerable benefit of

3    the doubt and find[] he is limited to simple routine work."  (AR at 37.)

4         In all, the above evidence suggests that Plaintiff's depression has improved

5    and perhaps even ceased to exist after 2008.  Further, as is also clear, the ALJ

6    restricted Plaintiff to simple, routine tasks as a measure of caution, not because the

7    underlying impairment was deemed severe.  The Court, therefore, finds that

8    Plaintiff's limitation is well below moderate, and thus insufficiently severe under

9    *Hoopai*.

10        Accordingly, the ALJ's step-five determination did not improperly rely on the

11   Grids, and is, therefore, supported by substantial evidence.  *See Mayes v. Massanari*,

12   276 F.3d 453, 458-59 (9th Cir. 2001).

13        B.  The ALJ's Rejection of Plaintiff's Credibility

14        As a separate matter, Plaintiff also contends that the ALJ improperly

15   disregarded his subjective complaints of severe back pain and depression, and thus

16   failed to properly assess his credibility.  (Joint Stip. at 8-12.)  The Court disagrees,

17   and finds the ALJ permissibly determined Plaintiff's complaints to be inconsistent

18   with both the conservative treatment plan he pursued and the objective medical

19   evidence.

20        An ALJ can reject a claimant's subjective complaints by expressing clear and

21   convincing reasons for doing so.  *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir.

22   2003).

23        First, the ALJ properly discounted the alleged severity of Plaintiff's symptoms

24   as inconsistent with a conservative treatment plan.  *See Fair v. Bowen*, 885 F.2d 597,

25   604 (9th Cir. 1989) (ALJ permissibly considered discrepancies between claimant's

26   allegations of "persistent and increasingly severe" pain, and the nature and extent of

27   treatment obtained).  As noted by the ALJ, Plaintiff – despite complaining of severe

28   back pain – now "controls pain with an over-the-counter analgesic and does not have

4

1    to use analgesics on a daily basis." (AR at 36.)  Additionally, in March 2008, he was
2    not "taking any psychiatric medications, nor was he in therapy." (*Id.*)  To treat such
3    disabling conditions, one would expect stronger medications or more frequent
4    dosages, but neither were present here.

5          Second, the ALJ was also correct in finding that the objective medical
6    evidence does not support Plaintiff's alleged degree of disability.  *See Rollins v.*
7    *Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (lack of objective evidence, when
8    combined with other factors, is a valid reason for rejecting Plaintiff's testimony).
9    Specifically, the ALJ stated, "[Plaintiff's] credibility regarding the severity of
10   depression and degenerative disc disease is reduced by the lack of treating records
11   since 2008." (AR at 36.)  According to the ALJ, no such records were offered
12   despite Plaintiff "testifying to taking medication." (*Id.*)  Additionally, the ALJ
13   faulted Dr. Karllson's progress notes for being "uninformative" and "not
14   describ[ing] the alleged counseling in any detail." (*Id.*)

15         Further, and in contrast, Plaintiff's two consultative examinations indicate that
16   Plaintiff is only minimally impaired.  The ALJ highlighted numerous portions from
17   both exams, including evidence that Plaintiff's "[g]ait and balance were
18   unimpaired," that "[t]he lumbar x-ray was normal," and that Plaintiff "did not
19   require assistive devices and sat comfortably in a chair." (AR at 36; *see* AR at 344-
20   48, 573-83.)  Notably, both physicians offered the same physical RFC of medium-
21   exertion work. (AR at 36; *see* AR at 347, 577.)

22         Thus, the ALJ presented several clear and convincing reasons to discredit
23   Plaintiff's subjective complaints.[3]  Accordingly, the Court finds that the ALJ's
24   determination of Plaintiff's credibility is supported by substantial evidence.  *See*

25   _____

26   [3]The Court, therefore, need not address Plaintiff's contention that the ALJ failed
     to consider Plaintiff's financial situation when discrediting him for failing to seek
27   treatment. (See Joint Stip. at 10-11.)  Such an error, even if true, would be harmless.
28   *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

1   *Mayes*, 276 F.3d at 458-59.

2       Based on the foregoing, IT IS ORDERED THAT judgment shall be entered

3   **AFFIRMING** the decision of the Commissioner denying benefits.

4

5   Dated: August 23, 2012

6

7   _____

8                    Hon. Jay C. Gandhi

9              United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6